ORIGINAL

John Holman Barr
State Bar No. 01798700
George Nicholas
State Bar No. 14991400
Katherine Ruesch (Jayroe)
State Bar No. 24047330
BURT BARR & ASSOCIATES, L.L.P.
P.O. Box 223667
Dallas, Texas 75222-3667
Attorneys for Defendants



16614

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

No. 3-07CV1895-B

| | |
|---|---|
| MASSOUD NASSERI<br>    Plaintiff<br>vs.<br><br>MSS TRANSPORTATION, INC.<br>d/b/a FREEDOM CAB, IRVING<br>HOLDINGS COMPANY, INC. d/b/a<br>YELLOW CAB, YELLOW CHECKER<br>CAB COMPANY OF DALLAS/FORT<br>WORTH, INC, SULEIMAN<br>al-DAGESH, and SALAMEH al DEGHSH<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§ NOTICE OF REMOVAL OF ACTION<br>§ UNDER 28 U.S.C. § 1446(A)<br>§ (FEDERAL QUESTION)<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants, MSS Transportation, Inc. d/b/a Freedom Cab, Irving Holdings, Inc. d/b/a Yellow Cab, Yellow Checker Cab Company of Dallas/Fort Worth, Inc., and Suleiman al-Dagesh, Salameh al-Deghsh hereby remove to this Court the state court proceeding described below.

Defendants file this notice of removal under 28 U.S.C. §1446(a).

### A. Introduction

1. Plaintiff is Massoud Nasseri; Defendants are MSS Transportation, Inc. d/b/a Freedom Cab,

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

DEFENDANTS' NOTICE OF REMOVAL
F:\bb\1578.11\Pleading\Federal Suit\(GFN) Defs Ntc of Removal.wpd
Page 1

Irving Holdings, Inc. d/b/a Yellow Cab, Yellow Checker Cab Company of Dallas/Fort Worth, Inc., and Suleiman al-Dagesh, Salameh al-Deghsh.

2.  On October 2, 2007, Plaintiff sued Defendants in Cause No. DC-07-11756 in the 14th District Court of Dallas County, Texas, for breach of contract and vague and broad claims of civil conspiracy, tortious interference and unfair competition including claims that Defendants are "violating local and state law requirements that no company enjoy a monopoly over the taxi permits in Dallas/Fort Worth Metroplex." See Plaintiff's Original Petition.

3.  Defendants were served with notice of the suit on October 4, 2007. Although this case was not removable when originally filed, it became removable on and after November 2, 2007, because of "other documents" that put Defendants on notice that Plaintiff sued under Federal Law. *See* 28 U.S.C. §1446(b); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757 (7th Cir. 2006). Plaintiff when asked, via electronic mail from Defendants' attorney, George Nicholas, the basis for his claims, replied through counsel "Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C.§§1, 2." *See Exhibit A.* When asked Defendant's counsel could not articulate how Defendants' alleged violations of the "Sherman Act" did not involve a "federal question". Since Plaintiff's pleadings were so broad and vague Defendants reasonably sought to have Plaintiff meaningfully disavow that it was asserting claims and causes of action under the Sherman and Clayton Acts in the state court suit. Defendants sent Plaintiff a proposed written "Stipulation" wherein Plaintiff was asked to confirm that he was not asserting any cause of action that arose under any Federal Antitrust Act including the Sherman Act and the Clayton Act. *See Exhibit B.* Plaintiff refused and continues to refuse to sign or enter the Stipulation. Defendants file this notice of removal within 30 days of receipt of the electronic mail notice and Plaintiff's failure and refusal to disavow that it is asserting

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

DEFENDANTS' NOTICE OF REMOVAL
F:\bb\1578.11\Pleading\Federal Suit\(GFN) Defs Ntc of Removal.wpd
Page 2

claims under the Federal Antitrust Act including the Sherman Act and the Clayton Act. *See Knudsen at 757.*

### B. Basis for Removal

4. Removal is proper because

(A  Plaintiff's suit involves a federal question. 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363, 2366 (2005); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff's claim arises under the Sherman Antitrust Act, 15 U.S.C. §§1,2. Plaintiff makes various allegations in his Original Petition that Defendants have monopoly over the taxi permits in the Dallas/Fort Worth Metroplex; Defendants have violated a series of laws to "annihilate" any competition in the DFW Metroplex; and Defendants have engaged in anticompetitive acts and unfair business practices which has resulted in an unfair competitive advantage for Defendants. Plaintiff additionally stated to Defendants via email that the basis of these claims were brought under "Sections 1 and 2 of the Sherman Antitrust Act." *See Exhibit A.*

5. All other defendants who have been served with summons consent to the removal of this case to federal court. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995); *see* 28 U.S.C. §1446(a)

6. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

7. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the action has been pending is located in this district.

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

DEFENDANTS' NOTICE OF REMOVAL
F:\bb\1578.11\Pleading\Federal Suit\(GFN) Defs Ntc of Removal.wpd
Page 3

8. Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

### C. Jury Demand

9. Defendants did demand a jury in the state court action.

### D. Conclusion

10. On October 4, 2007 Defendants received notice that Plaintiff filed suit against them based on various claims against Defendants. In the Original Petition Plaintiff alleged that Defendants violated a state or local law as Defendants owned more that 50% of the taxi permits in the Dallas/Fort Worth Metroplex and thereby had a monopoly on the taxi permits. When asked to cite to the underlying law providing the basis for his claims against Defendants; Plaintiff stated to Defendants that his claims were based on 15 U.S.C. §§ 1,2. For these reasons, Defendants ask the court to remove the action to the United States District Court - Northern District of Texas.

Respectfully submitted,

BURT BARR & ASSOCIATES, L.L.P.

By: _____
JOHN HOLMAN BARR
State Bar No. 01798700
GEORGE NICHOLAS
State Bar No. 14991400
KATHERINE RUESCH (JAYROE)
State Bar No. 24047330
P.O. Box 223667
Dallas, Texas 75222-3667
(214) 943-0012
(214) 943-0048 Fax

# EXHIBIT "A"



# George Nicholas

| | |
|---|---|
| **From:** | George Nicholas |
| **Sent:** | Friday, November 02, 2007 3:25 PM |
| **To:** | 'brianlauten@lautenfirm.com' |
| **Subject:** | Re: Nasseri v. MSS - Allegation of local 50% taxi permits rule or ordinance |

Thanks - I will take that to mean that there is no city ordinance stating a 50 percent rule but you think there are violations of federal antitrust laws. Barr is out of town but I will forward your message to him and let you know when I here from him.
--------------------------
Sent from my BlackBerry Wireless Device


-----Original Message-----
From: Brian P. Lauten <brianlauten@lautenfirm.com>
To: George Nicholas <gnicholas@bbarr.com>
Sent: Fri Nov 02 14:27:29 2007
Subject: RE: Nasseri v. MSS - Allegation of local 50% taxi permits rule or ordinance

Sections 1 and 2, Sherman Anti-Trust Act 15 U.S.C. §§ 1, 2, but please be advised that we are not pleading or invoking any federal question. As a professional courtesy, I want to take you and John Barr to lunch (preferably before we brief some of the Donald Hill issues and before I discuss this matter with the media). Let me know what your calendar looks like.




Brian P. Lauten

The Lauten Firm, P.C.

2626 Cole Avenue, Suite 850

Dallas, Texas 75204

214-720-0022 telephone

214-720-0024 facsimile

brianlauten@lautenfirm.com

www.lautenfirm.com



Admitted in Texas, Montana, & Wyoming




-----Original Message-----
From: George Nicholas [mailto:gnicholas@bbarr.com]
Sent: Friday, November 02, 2007 1:46 PM
To: Brian P. Lauten (E-mail)
Subject: [SPAM 13]Nasseri v. MSS - Allegation of local 50% taxi permits rule or ordinance

1

Brian:

You state in Paragraph 14 of Plaintiff's Original Petition: "Yellow Cab cannot acquire MSS because the City of Dallas will not allow any company to own more than 50% of the taxi permits in Dallas, Texas". I have reviewed Chapter 45 "Taxicabs" of The Dallas City Code and I cannot find a "no more than 50% of taxi permits" section or rule anywhere. Defendants don't believe that there is such a City of Dallas rule, regulation or ordinance. If we are wrong about the matter will you please point me to the rule, regulation or ordinance that you are referring to and where it might be located so I can review it. On the other hand, I recall meeting with you prior to the filing of the suit and this same issue about the alleged 50% rule came up and you could not cite us to a City of Dallas rule, regulation or ordinance. If this is just a matter of Plaintiff asserting a rule that does not exist then we respectfully ask that it be removed from Plaintiff's operative pleading.

George F. Nicholas

Burt Barr & Associates, L.L.P.

203 East Colorado Blvd.

Dallas, Texas   75203

(214) 943-0012   phone

(214) 943-0048   fax

gnicholas@bbarr.com

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of Burt Barr & Associates, L.L.P. which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

# EXHIBIT "B"



**George Nicholas**

**From:** George Nicholas
**Sent:** Tuesday, November 06, 2007 1:05 PM
**To:** Brian P. Lauten (E-mail)
**Cc:** Forest Nelson; John Barr; Katherine Ruesch
**Subject:** Requested Stipulation Disavowing Federal Antitrust Claims

Brian:

On behalf of the Plaintiff, Massoud Nasseri, you have filed an extremely broad petition that by our reading seeks to assert federal antitrust claims. Plaintiff claims that: ***"Yellow Cab has systemically violated a series of laws in order to annihilate any meaningful competition for consumers living and visiting DFW."*** Plaintiff also claims that: ***"Yellow Cab is also operating, directing and controlling Jet Taxi, U.S. Cab, Eagle Cab, and several other companies so that it can monopolize the taxi services in DFW."*** You then incorporate these broad claims of monopoly and anti-competitive acts into Plaintiff's general counts for unfair competition, civil conspiracy and tortious interference.

Since you have not stated violations of any particular law, statute or ordinance I asked you which law that Defendants are alleged to have violated. You answered the "Sherman Act" but that you were not asserting a federal question. I don't understand your qualification since alleged violations of the Sherman Act are federal questions. We understand that you would rather be in state court than federal court, but if Plaintiff continues to allege these broad antitrust claims then Defendants may remove this case to federal court. **If the Plaintiff wants to avoid the removal then we ask that Plaintiff enter into the attached stipulation that disavows any present or future claim in this lawsuit under a federal law or statute including federal antitrust laws - the Sherman Act and/or Clayton Act.**

This request for stipulation to clarify Plaintiff's claims should not be construed as a waiver of our demand that Plaintiff dismiss all claims and parties from this lawsuit that are not related to the contractual disputes between MSS Transportation, Inc. and Plaintiff Nasseri-G.P.D.A., Inc. since Defendants assert that these claims are groundless in law and fact and made for purposes of harrassment.



STIPULATION.wpd


George F. Nicholas
Burt Barr & Associates, L.L.P.
203 East Colorado Blvd.
Dallas, Texas 75203
(214) 943-0012 phone
(214) 943-0048 fax
gnicholas@bbarr.com

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

****CONFIDENTIALITY NOTICE****

1

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of Burt Barr & Associates, L.L.P. which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

CAUSE NO. 07-11756

| | | |
|---|---|---|
| MASSOUD NASSERI | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| MSS TRANSPORTATION, INC. | § | |
| d/b/a FREEDOM CAB, IRVING | § | |
| HOLDINGS COMPANY, INC. d/b/a | § | |
| YELLOW CAB, YELLOW CHECKER | § | |
| CAB COMPANY OF DALLAS/ FORT | § | |
| WORTH, INC., SULEIMAN | § | |
| al-DAGESH and SALEMAH al-DEGHSH | § | |
| | § | |
| Defendants, | § | 14th JUDICIAL DISTRICT |

**AGREED STIPULATION**

COMES NOW JOINTLY, PLAINTIFF, MASSOUD NASSERI ("Plaintiff") AND DEFENDANTS MSS TRANSPORTATION, INC. d/b/a FREEDOM CAB, IRVING HOLDINGS COMPANY, INC. d/b/a YELLOW CAB, YELLOW CHECKER CAB COMPANY OF DALLAS/FORT WORTH, INC. SULEIMAN al-DAGESH and SALEMAH al-DEGHSH ("Defendants") and file this stipulation concerning the claims and causes of action asserted by Plaintiff in the above referenced suit:

Plaintiff hereby stipulates that Plaintiff is not pleading or asserting in the above referenced lawsuit, and shall not plead or assert in the future in this lawsuit, any claims or causes of action under any federal law or statute including Federal Antitrust Statutes and Laws in the United States Code including, without limitation , the Sherman Antitrust Act and the Clayton Act.

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

AGREED STIPULATION
Page 1

Respectfully submitted,

**BURT BARR & ASSOCIATES, L.L.P.**

By:_____
    JOHN HOLMAN BARR
    State Bar No. 01798700
    GEORGE NICHOLAS
    State Bar No. 14991400
    P.O. Box 223667
    Dallas, Texas 75222-3667
    (214) 943-0012
    (214) 943-0048 Fax

Agreed as to form and content:

_____
Brian Lauten
The Lauten Firm, P.C.
2626 Cole Avenue, Suite 850
Dallas, Texas 75204
Attorney for Plaintiff

_____
George Nicholas
Burt Barr and Associates, LLP
203 East Colorado Avenue
Dallas, Texas 75222
Attorney for Defendants

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

AGREED STIPULATION
Page 2

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

**I. (a) PLAINTIFFS**
Massoud Nasser

3-07CV1895-B

**DEFENDANTS**
MSS Transportation, Inc. d/b/a Freedom Cab, Irving Holdings, Inc. d/b/a Yellow Cab, Yellow Checker Cab Company of Dallas/Fort Worth, Inc., Suleiman al-Dagesh and Salameh al-Dagesh

**(b)** County of Residence of First Listed Plaintiff __Dallas__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Dallas__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED NOV 14 2007 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian P. Lauten and Amy Bryan Lauten
The Lauten Firm
2626 Cole Avenue, Suite 850
Dallas, Texas 75204
(214)720-0022

Attorneys (If Known)
John Holman Barr, George Nicholas, and Katherine Ruesch
Burt Barr and Associates, LLP
P.O. Box. 223667
Dallas, Texas 75222-3667
(214) 943-0012

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | x 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- x 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C §§ 1,2. Plaintiffs filed action against Defendants in state court alleging various causes of action including breach of contract, civil conspiracy, unfair competition, and tortious interference. The causes of action are based upon Plaintiff's allegations that Defendants have violated Sections 1 and 2 of the Sherman Antitrust Suit.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 11-14-2007
SIGNATURE OF ATTORNEY OF RECORD George Nicholas

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL

United States District Court
Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed From State Court

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.

1. **State Court Information:** **3-07CV1895-B**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 14th Judicial District Court Dallas County, Texas | DC-07-11756 |

   RECEIVED NOV 14 2007 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Massoud Nasseri<br>Plaintiff | Brian P. Lauten<br>Texas Bar No. 24031603<br>Amy Bryant Lauten<br>Texas Bar No. 24011148<br>The Lauten Firm<br>2626 Cole Avenue, Suite 850<br>Dallas, Texas 75204<br>(214)720-0022 |
   | MSS Transportation, Inc. d/b/a Freedom Cab, Irving Holdings, Inc. d/b/a Yellow Cab, Yellow Checker Cab of Dallas/ Fort Worth, Suleiman al-Dagesh, and Salameh al-Dagesh<br><br>Defendants | John Holman Bar<br>Texas Bar No.<br>George Nicholas<br>Texas Bar No.<br>Katherine Ruesch (Jayroe)<br>Texas Bar No.<br>Burt Barr. & Associates, LLP<br>P.O. Box 223667<br>Dallas, Texas 75222-3667<br>(214)943-0012 |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?    X Yes    ☐ No

If "*Yes*," by which party and on what date?

    <u>Defendants</u>                                      <u>10/25/2007</u>
    Party                                            Date

4. **Answer:**

   Was an Answer made in State Court?      X Yes    ☐ No

   If "*Yes*," by which party and on what date?

   <u>Defendants</u>                                   <u>10/25/2007</u>
   Party                                         Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | **Party** | **Reason(s) for No Service** |
   |---|---|
   | GDPA, Inc. d/b/a King Cab. | |

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | **Party** | **Reason** |
   |---|---|
   | None at this time. | |

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | **Party** | **Claim(s)** |
   |---|---|
   | Plaintiff | Defendants engaged in anticompetitive practices of Defendants that resulted in Defendants violating various laws including the Sherman Antitrust Act 15 U.S.C. §§1,2. Plaintiff also alleges breach of contract, civil conspiracy, tortious interference, and unfair competition actions against Defendants |
   | Defendants | Defendants alleges various causes of action against Plaintiff including breach of contract, statutory and common law fraud, and breached of fiduciary duty. |